UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-198-GNS

BURKHEAD & SCOTT, INC.                                                          PLAINTIFF

v.

CITY OF HOPKINSVILLE                                                  DEFENDANTS
HOPKINSVILLE SOLID WASTE AUTHORITY

**OPINION AND ORDER**

This matter was referred to Magistrate Judge Lanny King by District Judge Gregory N. Stivers for determination of non-dispositive motions pursuant to 28 U.S.C. 636(b)(1)(A). (DN 32). The defendants have asserted privilege over twenty-nine sets of emails. These emails are generally between the two defendants, the City of Hopkinsville and the Hopkinsville Solid Waste Authority (HSWA). Attorneys for the city or HSWA authored some of the emails. These attorneys received other emails as either primary recipients or as cc'ed recipients.

The court held in its initial order (DN 29) on the motion for a protective order (DN 24) that the common interest doctrine was applicable, as was work product protection for any emails dated after March 26, 2012. Disclosure to third parties, however, would waive both protections. The opinion further explained the scope of attorney-client privilege when asserted by governments. The defendants have now submitted a revised privilege log (DN 31-1) and narrowed their assertion of privilege. With this additional information and narrowing, the court is prepared to rule on the motion for a protective order.

It is HEREBY ORDERED that the motion for a protective order (DN 24) is GRANTED IN PART and DENIED IN PART. The motion is denied with respect to email Sets 1 and 2. Privilege over these documents has not been substantiated in the privilege log or the context provided by the redacted emails. The motion is granted with respect to email sets 3 through 29.

However, should the plaintiff wish to contest this claim of privilege following additional discovery, Burkhead & Scott, Inc. is GRANTED LEAVE to file a motion to compel regarding emails on which contract employees were included.

I.      Discussion

The party asserting attorney-client privilege bears the burden of establishing its existence. In re Columbia/HCA Healthcare Corp. Billing Practices Litig., 293 F.3d 289, 294 (6th Cir. 2002). "Both the attorney-client privilege and work-product protection are waived by voluntary disclosure of private communications to third parties." New Phoenix Sunrise Corp. v. C.I.R., 408 F. App'x 908, 918 (6th Cir.2010). Proving privilege has not been waived would require proving a negative and is generally not required of proponents. However, once grounds for waiver have been demonstrated, proponents bear the burden to counter those grounds. See Shumaker, Loop & Kendrick, LLP v. Zaremba, 403 B.R. 480, 485-6 (N.D. Ohio 2009).

A.      Waiver

This court's initial order expressed concern that privilege over some of the emails at issue may have been waived by the inclusion of third parties. In response, the defendants have narrowed their assertion of privilege. They have disclosed and no longer claim privilege over emails sent to DJ's Flooring (City00382-3833), Mitch Robinson or Vonda Gates (City000440), and Pennyrile Area Development District personnel (City000394 and City000396).

The initial order singled out Chris Bowling and Robert Pickerill as insufficiently explained individuals whose inclusion would waive privilege as to email Sets 24 and 26 through 29 without further description. With their revised privilege log, the defendants now argue these individuals, while independent contractors, "were functioning as the equivalent of HSWA employees…." (DN 31 at 2). The defendants identify no Sixth Circuit precedent on point but

support their argument citing In re Bieter Co., 16 F.3d 929 (8th Cir.1994). That court's reasoning is persuasive. Based on the briefing before the court, the court finds the inclusion of neither Mr. Chris Bowling nor Mr. Robert Pickerill has waived privilege. The motion for a protective order regarding email sets 24 and 26 through 29 is granted.

While under a burden-shifting analysis, the plaintiff must demonstrate grounds for waiver, Burkhead & Scott, Inc. has not had the opportunity to dispute waiver specifically regarding these individuals. Should it wish to do so after additional discovery, the plaintiff is granted leave to file a motion to compel regarding these emails.

### B. Government Assertions of Privilege

As explained in the court's previous order, government assertions of privilege raise complications. Not all communications between governments and attorneys are privileged. When attorneys function as government policymakers rather than legal advisors, attorney-client privilege does not protect their communications. "In that context, the communications are made not for the purpose of securing legal advice or services, but rather for the purpose of developing policy." Gen. Elec. Co. v. Johnson, CIV.A.00-2855(JDB), 2006 WL 2616187, at *15 (D.D.C. Sept. 12, 2006). Privilege only applies to "professional legal adviser(s) in [their] capacity as such." Fausek v. White, 965 F.2d 126, 129 (6th Cir. 1992). As such, these communications do not satisfy one of the basic elements of privilege.

This court finds privilege over email Sets 1 (Bates Range: City000346) and 2 (City000347-349) unsubstantiated. Email "Set 1" is an email "among City officials, counsel, and HSWA regarding amendments to the [Garbage Rate] ordinance" according to the revised privilege log. (DN 31-1). The redacted emails show an email sent from an HSWA manager to the Hopkinsville City Clerk, and subsequently forwarded to the mayor, city attorney, a city council

member, and HSWA management. Attached is a file labelled "ORDINANCE 93 Final 12 15 2012.doc." The privilege log describes "Set 2" identically, but additionally specifies the email thread to be "discussing Governor's Office for Local Government request for information on HSWA." The email thread is among the same people with the addition of the HSWA attorney and an assistant to the mayor. Unredacted is the assistant's email informing the mayor and a councilmember of the call from the Governor's office.

The information provided in the privilege log and context provided by the redacted emails give no indication attorneys were included for anything other than policy advice. In fact, the subject headings of the emails, "Garbage Rate Ordinance" and "Call from Frankfort re [HSWA]" seem to indicate these were policy emails. Further, the attorneys did not respond. While an attorney response is not necessary for a communication to be privileged, this weighs against a finding that the communication was for the purpose of securing legal advice. As such, the defendants have not met their burden of establishing all elements of attorney-client privilege. As the emails are dated February 15-16, 2012 and March 15, 2012, work product protection is also unavailable. The motion for a protective order covering email Sets 1 and 2 is denied.

Email Set 4 (City000344) is described as "discussing [HSWA manager] request to Mayor to change his mind on decision to take ordinance off agenda [of upcoming meeting]." (DN 31-1 at 2). The unredacted portion of this email substantiated this description. An initial email was sent from the mayor to the HSWA manager and attorneys, among others. After the HSWA manager's unredacted response to the mayor, the mayor responded, copying the city and HSWA attorney along with a city council member. This information and privilege log description establishes the attorneys' inclusion as communication to further the provision of legal advice to a

specific situation, discussing the ordinance at an upcoming meeting. The motion for a protective order regarding Email Set 4 is granted.

The privilege log descriptions for email sets 3 and 5 through 23 similarly substantiate the defendants' assertion of privilege. According to the privilege log, each of these sets includes discussion specifically of Mr. Brian Burkhead or Burkhead & Scott, Inc. This specificity, especially as city and HSWA officials were aware of the threat of litigation from the plaintiff by this time, convinces the court attorneys were included in these emails for the purpose of providing legal advice. It is under these circumstances that government assertions of attorney-client privilege are most analogous to assertions by private litigants. Otherwise, "governments would be at an unfair disadvantage in litigation." Cooey at 648 (citing Restatement (Third) of Law Governing Lawyers § 74 cmt. B (2000)).

Email sets 24 through 29 contain similar specificity. While these emails are not as obviously related to the current dispute as those specifically mentioning the plaintiff or its owner, this is not a requirement for an assertion of attorney-client privilege. The privilege log describes these communications as discussions of specific issues which might require legal advice. The context provided by the redacted documents does nothing to contradict this. As such, the defendants have met the burden of establishing attorney-client privilege with respect to these emails.

## II.     Conclusion and Order

For the foregoing reasons, the motion for a protective order is GRANTED IN PART and DENIED IN PART. It is granted with respect to email sets 3 through 29 but denied with respect to email Sets 1 and 2. However, the plaintiff is GRANTED leave to file a motion to compel the production of emails on which Mr. Bowling or Mr. Pickerill were included.

IT IS SO ORDERED.