UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00198-GNS-LLK

BURKHEAD & SCOTT, INC.                                                                 PLAINTIFF

v.

CITY OF HOPKINSVILLE, KENTUCKY
and HOPKINSVILLE SOLID WASTE AUTHORITY                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Joint Motion for Summary Judgment filed by Defendants City of Hopkinsville, Kentucky ("City"), and Hopkinsville Solid Waste Authority ("HSWA") (DN 44). The motion is ripe for decision. For the reasons stated below, the Court **GRANTS** Defendants' motion.

### I.    BACKGROUND

Plaintiff Burkhead & Scott, Inc. ("BSI") brings this action to challenge the constitutionality of the City's solid waste ordinance as well as to bring an action for tortious interference with a business relationship.

The Hopkinsville Waste Enterprise Board ("Board") was created as a component unit for the City to conduct solid waste operations in the City. (Defs.' Joint Mot. for Summ. J. 2, DN 44). The Board was created by Hopkinsville City Ordinances to manage the City's solid waste. (Defs.' Joint Mot. for Summ. J. 2). The Board is composed of five members who reside in the City and are appointed by the mayor, subject to approval of the City's governing body. (Defs.' Joint Mot. for Summ. J. 3). The Board's actions are regulated by Kentucky law and the City's governing body. (Defs.' Joint Mot. for Summ. J. 3). The Board controls HSWA which provides solid waste services to the public. (Defs.' Joint Mot. for Summ. J. 4). Neither the Board, nor

HSWA are capable of retaining profits and must transfer all funds other than for its own operation, to the City's general fund. (Defs.' Joint Mot. for Summ. J. 2).

The City passed the Flow Control Ordinance ("Ordinance") in 1998 which granted HSWA exclusive rights over the disposal of trash and building materials within the city limits. (Defs.' Joint Mot. for Summ. J. 6). BSI was in the business of disposing of construction and industrial materials in the City. (Defs.' Joint Mot. for Summ. J. 7). BSI contends it was injured by the Ordinance, as the Ordinance required it to transport waste to HSWA's waste transfer facility rather than to cheaper facilities elsewhere. (Am. Compl. ¶ 22, DN 5).

BSI began operations in 1998 and was subsequently told by the City its operations were illegal. (Burkhead Dep. 11:1-15, Dec. 4, 2013, DN 44-21). BSI continued to grow until 2011 when BSI received a letter from HSWA demanding that BSI halt operations. (Burkhead Dep. 14:13). BSI continued its business until 2012 when two of its customers switched their accounts to HSWA. (Defs.' Joint Mot. for Summ. J. 9-10).

BSI filed its Complaint on December 12, 2012, and its Amended Complaint on December 26, 2013. (Compl. DN 1; Am. Compl.). Defendants filed their Joint Motion for Summary Judgment on September 28, 2015. BSI responded to Defendants' motion on November 30, 2015. (Pl.'s Mem. of Law in Supp. of Pl.'s Resp. to Defs.' Joint Mot. for Summ. J, DN 45 [hereinafter Pl.'s Mot.]). Defendants filed their Reply on December 14, 2015. (Defs.' Reply Mem. in Further Supp. of Defs.' Mots. for Summ. J., DN 46 [hereinafter Def.' Reply]).

## II. **JURISDICTION**

The Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1331 as this case arises under the Constitution of the United States. This Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367(a).

### III.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id.* (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

While the Court views the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV.     DISCUSSION

BSI makes two claims in this case. First, BSI contends that the City's Ordinance is unconstitutional because it discriminates against interstate commerce by benefiting a privately operated business. (Am. Compl. ¶ 22). Second, BSI argues HSWA tortuously interfered with the business relationship between BSI and its customers, ultimately leading to two of its clients ending their relationship with BSI. (Am. Compl. ¶¶ 26-28). Since BSI fails to address its constitutional claim in its response and this claim is invalid regardless[1], the Court considers only the latter argument.

### A.     <u>Defendants Did Not Tortuously Interfere with BSI's Business Relationships.</u>

Plaintiff claims tortious interference based upon its allegations that HSWA representatives wrongly informed BSI's customers that BSI was operating illegally under the Ordinance. (Am. Compl. ¶ 26-28). Plaintiff asserts that Defendants improperly utilize the elements of tortious interference with a *contractual* relationship with tortious interference with a *business* relationship. (Pl.'s Resp. 8). Specifically, Plaintiff argues that the Court should analyze its claim using the elements set forth in *Snow Pallet, Inc. v. Monticello Banking Co.*, 367 S.W.3d 1 (Ky. App. 2012).

Plaintiff misreads *Snow Pallet*, however, as different elements apply only to the extent a business relationship is *prospective* and the case does not distinguish between a "contractual" relationship and a "business" relationship."[2] Regardless, BSI's tortious interference claim must

---

[1] Specifically, BSI's claim is invalid under the Supreme Court's decision of *United Haulers Ass'n, Inc. v. Oneida-Herkimer Solid Waste Management Authority*, 550 U.S. 330, 338 (2007). The Court is persuaded the *United Haulers* decision invalidates BSI's claim and Plaintiff has not raised a single argument which would contest this finding. Therefore, the Court declines to address BSI's Commerce Clause argument further.

[2] "Tortious interference with a prospective business advantage does not require the existence of a contract. Rather, Snow Pallet must prove: (1) the existence of a valid business relationship or

4

fail. As the *Snow Pallet* court noted, the tortious interference with a prospective business relationship analysis "turns primarily on motive." *Id.* at 6 (citing *Nat'l Collegiate Athletic Ass'n ex rel. Bellarmine College v. Hornung*, 754 S.W.2d 855, 859 (Ky. 1988). This is similarly true with tortious interference with a known contractual relationship. *See Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 487 (Ky. 1991) ("Under Kentucky law, tort liability exists for the interference with a known contractual relationship, if the interference is malicious or without justification, or is accomplished by some unlawful means such as fraud, deceit, or coercion." (citations omitted)). Further, "[t]o prevail under this theory of liability, the 'party seeking recovery must show malice or some significantly wrongful conduct.'" *Snow Pallett*, 367 S.W.3d at 6 (quoting *Hornung*, 754 S.W.2d at 859).

In this case, BSI has not shown that Defendants acted with malice, without justification, or some other wrongful conduct. The City's actions were not wrongful; instead, it is clear that the City's notice to BSI's customers was justified by BSI's failure to obtain a permit in contravention of the Ordinance. (Defs.' Joint Mot. for Summ. J. Ex. 8l, at 9). HSWA's notification to BSI's customers that BSI was violating the Ordinance advanced the City's interest in ensuring compliance with its laws and its legitimate economic interests, rather than any malice towards BSI. (Sicari Dep. 16:1-25, 35:10-21). Such a motivation does not constitute malice. *ATC Distribution Grp., Inc v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 717 (6th Cir. 2005) ("[S]imply attempting to advance one's own legitimate economic interests at the expense of another's interests does not constitute malice." (citing *Hornung*, 754 S.W.2d at 850)).

---

expectancy; (2) that Monticello was aware of this relationship or expectancy; (3) that Monticello intentionally interfered; (4) that the motive behind the interference was improper; (5) causation; and (6) special damages." *Snow Pallet*, 367 S.W.3d at 6.

Plaintiff argues Defendants relied on an "inaccurate interpretation" of the Ordinance. (Pl.'s Resp. 16). Indeed, the bulk of Plaintiff's argument revolves around BSI's disagreement over its reading of the Ordinance in contradiction of Defendants' interpretation. (Pl.'s Resp. 13-16). Plaintiff does not create a genuine issue of material fact simply because a jury could agree with BSI's interpretation of the Ordinance. Defendants' interpretation of the Ordinance is plausible and creates no indicia of malice or wrongful conduct. Section 93.02(C)(5) of the Ordinance states:

> "[i]t shall be unlawful for any person or firm, except pursuant to temporary collection service permits, to engage in or conduct any collection of trash or building material within the city's corporate limits. Any individual or firm providing the service without proper consent shall be in violation of this chapter and subject to a civil penalty as established herein. Collection at each premises shall constitute a separate offense."

(Defs.' Mot., Ex. 81, at 29) (emphasis added). The Ordinance further states that "[t]he City shall maintain or have access to a facility for disposal of garbage, commercial refuse, building material and trash generated within the City's corporate limits. All garbage, commercial refuse, building material and trash generated within the City shall be disposed of at the designated facility. Operation of a facility by the City shall be under the control and direction of the Department." (Defs.' Mot., Ex. 8a, at 7).

Plaintiff does not dispute that it never obtained a permit but instead claims it was not bound by the Ordinance because BSI only engaged in the collection of "industrial waste" and "commercial refuse." (Pl.'s Resp. 8-9). BSI claims a genuine issue of material fact exists regarding whether or not the Ordinance *actually* applied rather than establishing a genuine issue whether Defendants *knew* the Ordinance did not apply and partook on a wrongful or malicious venture to frustrate Plaintiff's business relations. (Pl.'s Resp. 8-9).

6

As outlined in Plaintiff's response, its business has "always been limited to the disposal of industrial waste and construction demolition debris." (Pl.'s Resp. 3). The Ordinance defines the term "building material" as "[s]olid waste which results from the collection, remodeling, repair and demolition of structures. (Defs.' Mot., Ex. 81, at 22-24). There can be no question that "demolition debris" would include solid waste from demolition of structures, which squarely falls within the definition of "building material" under the Ordinance. The Ordinance provides that "[i]t shall be unlawful for any person, except pursuant to temporary collection service permits, to engage in or conduct any collection of trash or *building material* within the city's corporate limits." (Defs.' Mot., Ex. 81, at 24 (emphasis added)). Thus, because Plaintiff has admitted that it collected construction demolition debris without a permit, its business operated in violation of the Ordinance. Likewise, because the ordinance applies, BSI cannot show any genuine issue of material fact that Defendants acted with malice or wrongful conduct to establish a claim for tortious interference when it alerted BSI's customers to the violation. *Hornung*, 754 S.W.2d at 859. Therefore, BSI's claim of tortious interference fails as a matter of law.

## V.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Joint Motion for Summary Judgment (DN 44) is **GRANTED.**

**Greg N. Stivers, Judge**
**United States District Court**
January 26, 2016

cc:  counsel of record