UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00198-GNS-LLK

BURKHEAD & SCOTT, INC.                                                                                    PLAINTIFF

v.

CITY OF HOPKINSVILLE, KENTUCKY
and HOPKINSVILLE SOLID WASTE AUTHORITY                                      DEFENDANTS

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter, Amend, or Vacate the Court's Previous Judgment (DN 51) and Defendants' Bill of Costs (DN 49). The motions are ripe for decision. For the reasons stated below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendants' Bill of Costs.

### I.   BACKGROUND

Plaintiff Burkhead & Scott, Inc. ("BSI") filed this action challenging the constitutionality of a solid waste ordinance enacted by the City of Hopkinsville ("City") and asserting an action for tortious interference with a business relationship against the City and the Hopkinsville Waste Enterprise Board ("Board"). The Board was created as a component unit for the City to conduct solid waste operations in the City. (Defs.' Joint Mot. for Summ. J. 2, DN 44). The Board is composed of five members who reside in the City and are appointed by the mayor, subject to approval of the City's governing body. (Defs.' Joint Mot. for Summ. J. 3). The Board's actions are regulated by Kentucky law and the City's governing body. (Defs.' Joint Mot. for Summ. J. 3). The Board controls the Hopkinsville Solid Waste Authority ("HSWA") which provides solid

waste services to the public. (Defs.' Joint Mot. for Summ. J. 4). Neither the Board, nor HSWA are capable of retaining profits and must transfer all funds other than for its own operation to the City's general fund. (Defs.' Joint Mot. for Summ. J. 2). Under the Flow Control Ordinance ("Ordinance") enacted in 1998, HSWA has exclusive rights over the disposal of trash and building materials within the city limits. (Defs.' Joint Mot. for Summ. J. 6).

In 1998, BSI began engaging in the business of disposing of construction and industrial materials in the City. (Defs.' Joint Mot. for Summ. J. 7). BSI contends it was injured by the Ordinance, as the Ordinance required it to transport waste to HSWA's waste transfer facility rather than to cheaper facilities elsewhere. (Am. Compl. ¶ 22, DN 5). BSI was told by the City its operations were illegal. (Burkhead Dep. 11:1-15, Dec. 4, 2013, DN 44-21). BSI continued to grow until 2011 when BSI received a letter from HSWA demanding that BSI halt operations. (Burkhead Dep. 14:13). BSI continued its business until 2012 when two of its customers switched their accounts to HSWA. (Defs.' Joint Mot. for Summ. J. 9-10).

After BSI filed this action, the Court granted Defendants' Motion for Summary Judgment on January 27, 2015. (Order, DN 47). In the present motion, BSI seeks reconsideration of that decision.

## II.  JURISDICTION

The Court has jurisdiction over the parties pursuant to 28 U.S.C § 1331 as this case arises under the Constitution of the United States. This Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367(a).

## III.  STANDARD OF REVIEW

Motions to alter or amend judgments are typically granted "for one of three reasons: (1) [a]n intervening change of controlling law; (2) [e]vidence not previously available has become

available; or (3) [i]t is necessary to correct a clear error of law or prevent manifest injustice." *W. Ky. Royalty Tr. v. Armstrong Coal Reserves, Inc.*, No. 4:11-CV-00114-M, 2013 WL 4500189, at *1 (W.D. Ky. 2013) (citation omitted). *See also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to "relitigate issues previously considered or to submit evidence which in the exercise of reasonable diligence, could have been submitted before." *United States v. Abernathy*, No. 08-20103, 2009 WL 55011, at *1 (E.D. Mich. Jan. 7, 2009) (internal quotation marks omitted) (citation omitted). *See also Browning v. Pennerton*, No. 7:08-CV-88-KKC, 2008 WL 4791491, at *1 (E.D. Ky. Oct. 24, 2008) ("[A] motion for reconsideration is not a vehicle to re-hash old arguments . . . ."); *Elec. Ins. Co. v. Freudenberg-Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position." (citation omitted)). Rule 59(e) motions to alter or amend "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citation omitted).

## IV. DISCUSSION

### A. Motion to Alter, Amend, or Vacate

BSI brings its motion to alter, amend or vacate to challenge the Court's granting Defendants' motion for summary judgment. (Pl's Motion to Alter, Amend, or Vacate the Court's Previous Judgment, DN 51 [hereinafter Pl.'s Mot]). BSI re-styles arguments previously considered and raises new arguments that could have been presented in its response to Defendants' summary judgment motion. Neither form of argument is appropriate on a motion to alter, amend or vacate. *Abernathy*, 2009 WL 55011, at *1. BSI argues, for the first time, that the Court should have chosen not to exercise jurisdiction over related state law claims after

3

dismissing Plaintiff's constitutional claim. (Pl.'s Mot. 2-3). The Court has discretion to exercise supplemental jurisdiction over state law claims and did so in this case. 28 U.S.C. § 1367(c). BSI argues that preventing the state court from ruling on this matter constitutes a "manifest injustice." BSI has had multiple opportunities to drop its constitutional claims and failed to do so. BSI cannot now wait until Defendants have been granted summary judgment to concede its constitutional claim and petition the Court to remand the state law claims in the interests of justice.

BSI further re-alleges that its tortious interference must survive summary judgment. Essentially, Plaintiff argues Defendants' interpretation of the Ordinance is incorrect, an argument the Court has rejected. (Pl.'s Mot. 4-10). Furthermore, even if the interpretation of the Ordinance was a close call—which it is not—at issue in the tortious interference claim is the Defendants' motive in interpreting and enforcing the Ordinance. *Snow Pallet, Inc. v. Monticello Banking Co.*, 367 S.W.3d 1, 6 (Ky. App. 2012). Again, Defendants' interpretation of the Ordinance in accordance with its plain language creates no indicia of malice or wrongful conduct upon which a genuine issue of material fact would allow this claim to survive summary judgment. BSI may disagree, perhaps vigorously, with Defendants' interpretation, but the fact remains that BSI has not established a genuine issue of material fact that Defendants acted with malice or wrongful intent. For these reasons, the Court declines to grant the extraordinary measure of altering, amending, or vacating its previous judgment.

### B.   Plaintiff's Objection to Bill of Costs

As the Court has ruled on the BSI's Motion, the Court has honored BSI's request that Defendants' Bill of Costs be stayed until disposition of this matter. (Pl.'s Objs. to Bill of Costs, DN 50). The Court declines to stay Defendants' Bill of Costs any longer based on the mere

speculation that Plaintiff may appeal this decision. This Court has previously found it in the interests of judicial economy to rule on a bill of costs after completion of the case at the district court, rather than stay a decision until resolution on appeal. *Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-00612-TBR, 2013 WL 1904513, at *3 (W.D. Ky. May 7, 2013) (citations omitted). Therefore, the Court will grant Defendants' Bill of Costs.

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter, Amend, or Vacate the Court's Previous Judgment (DN 51) is **DENIED** and Defendants' Bill of Costs (DN 49) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
May 16, 2016

cc:     counsel of record